UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Lawrence John Laveau,** | Civil No. 11-505 (SRN/LIB) |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| **Michael J. Astrue**<br>**Commissioner of Social Security,** | |
| Defendant. | |

Sean M. Quinn, Falsani, Balmer, Peterson, Quinn & Beyer, 306 Superior Street West, Suite 1200, Duluth, Minnesota 55802, for Plaintiff

David W. Fuller, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois dated February 14, 2012 [Doc. No. 17]. In the R&R, Magistrate Judge Brisbois recommended that this Court deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment. Plaintiff filed timely objections to the R&R [Doc. No. 18], and Defendant responded to those objections [Doc. No. 21].

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

1

**I.     BACKGROUND**

The full factual background of this Social Security matter is set forth in the thorough R&R.  In brief, Plaintiff Lawrence John Laveau applied for Social Security disability insurance benefits and supplemental security income for an alleged disability with an onset date of December 31, 2005.  His impairments include major depression in partial remission and anxiety and a history of alcohol dependence in long term sustained remission.  (See ALJ Decision at 3 [Doc. No. 5-2 at 13].)

The Commissioner convened a hearing before an Administrative Law Judge ("ALJ") to determine whether Plaintiff should receive benefits.  At this hearing, the ALJ heard testimony from three witnesses:  Plaintiff, impartial Medical Expert ("ME") Dr. Steven Carter, and impartial Vocational Expert ("VE") Mary A. Harris.  In his February 18, 2009 decision, the ALJ acknowledged Plaintiff's impairments, noted above, but found that they did not meet or equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  After considering the record, including the hearing testimony and Plaintiff's medical records, the ALJ found that Plaintiff maintained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations: routine repetitive three-four step tasks and instructions, with brief and superficial contact with coworkers and brief and infrequent contact with the public.  (Id. at 5 [Doc. No. 5-2 at 15].)   In addition, the ALJ found that certain of Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent that they were inconsistent with the RFC assessment.  (Id. at 7-8 [Doc. No. 7-2 at 15-16].)   The ALJ found that Plaintiff was capable of performing his past relevant work as a construction worker.  (Id. at 10 [Doc. No. 5-2 at 20].)

Ultimately, the ALJ determined that Plaintiff was not disabled for the applicable period from December 31, 2005 through February 18, 2009 (the date of the ALJ's decision), and was therefore not entitled to disability benefits. (Id.)

On January 28, 2011, the Social Security Administration's Appeals Council denied review of the ALJ's decision (Notice of Appeals Council Action, Tr. at 1 [Doc. No. 5-2 at 2]), however the Council supplemented the record with a letter brief submitted by Plaintiff's counsel. (Order of Appeals Council, Tr. at 6 [Doc. No. 5-2 at 7].)

On February 4, 2011, Plaintiff commenced this action against Defendant Michael Astrue, Commissioner of the Social Security Administration, appealing the agency's decision. The parties both moved for summary judgment, leading to Magistrate Judge Brisbois' recommendation that summary judgment be granted in Defendant's favor. In reaching his recommendation to grant Defendant's motion and to deny Plaintiff's motion, the Magistrate Judge found that substantial evidence on the record as a whole supported the ALJ's decision. He also found that the Appeals Council's failure to include certain Veteran's Administrative ("VA") supplemental records in the administrative record did not warrant reversal or remand.

Plaintiff's objections are limited to two issues. First, Laveau argues that the Magistrate Judge incorrectly rejected his argument that the ALJ disregarded the opinion of Dr. Carter, the ME, without explanation. Second, Laveau argues that the Magistrate Judge accepted the ALJ's assertion that Plaintiff may have been "motivated" to remain on disability due to the receipt of VA disability benefits.

**II. DISCUSSION**

This Court's review of the Social Security Administration Commissioner's decision is

        to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted). As noted, this Court reviews those portions of the Magistrate Judge's opinion to which a party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b)

        **A.     The Opinion of ME Dr. Carter**

        Plaintiff contends that the ALJ rejected the opinion of ME Dr. Carter without explanation. Reviewing this argument in Plaintiff's Motion for Summary Judgment, the Magistrate Judge found that substantial evidence on the record as a whole supported the ALJ's finding that Plaintiff did not have a listing impairment.

        At the administrative hearing, Dr. Carter opined that Plaintiff met the "Paragraph A" listings for affective disorders (12.04) and anxiety-related disorders (12.06). (Tr. at 44-45 [Doc. No. 5-2 at 45-46].) In addition, he testified that Plaintiff met the "Paragraph B" criterion for listings 12.04 and 12.06. (Id. at 45-46 [Doc. No. 5-2 at 46-47].) In particular, Dr. Carter found marked difficulties in Plaintiff's social function and marked difficulties in maintaining concentration, persistence or pace. (Id.) The ALJ, however, accorded no weight to Dr. Carter's opinion, finding that the record did not support marked limitations in any domain of functioning for the requisite twelve-month period. (ALJ's Decision at 4 [Doc. No. 5-2 at 14].) The ALJ found that Dr. Carter's opinion was not supported by the record, which demonstrated an

improvement in Plaintiff's symptoms. Moreover, the ALJ found the fact that Dr. Carter concluded that Plaintiff retained an ability to perform work tasks did not support Dr. Carter's opinion of a listing level impairment. (Id.)

The Magistrate Judge properly reviewed the ALJ's decision, finding that while he did not provide a detailed explanation for his conclusion that Plaintiff failed to meet the listing impairments, his reasoning, as a whole, was supported by the record. The Eighth Circuit has held that while it is preferable for the Commissioner to explicitly state the reasons why a claimant fails to meet a listing, the conclusion may be upheld if supported by the record. Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir. 2001). While the Third and Tenth Circuits have held that an ALJ must set forth the reasons for making a determination at step three of the analysis and not merely make conclusory findings, see Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996), the Eighth Circuit has specifically rejected the holding in Clifton, and instead has "consistently held that a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999).

The Magistrate Judge properly found that the ALJ explained his reasons for disregarding Dr. Carter's opinion. First, as noted, the ALJ found that the record did not support marked limitations in any domain for the requisite period. Second, the ALJ found support in the record for the fact that medication management and a reduction in alcohol consumption resulted in improvement in Plaintiff's impairments. Third, Dr. Carter himself offered job restrictions for Plaintiff, which the ALJ found inconsistent with Dr. Carter's overall opinion that Plaintiff met

the listing impairments.[1]

The Magistrate Judge acknowledged all of these reasons for the ALJ's rejection of Dr. Carter's opinion and further observed that Dr. Carter was never Plaintiff's treating physician. Rather, the Magistrate Judge found that his opinion appeared to be based primarily on Plaintiff's subjective complaints and statements regarding his previous work experience. As the R&R provides, the ALJ may give little weight even to a treating physician's opinion when it rests solely on the claimant's complaints and is unsupported by objective medical evidence. Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993). In his testimony, Dr. Carter described inconsistencies in the medical record, i.e., at times a treating physician's diagnosis understated Laveau's symptoms, and, at times, a treating physician's diagnosis overstated Laveau's symptoms. (Hearing Tr. at 42 [Doc. No. 5-2 at 43].) As the Magistrate Judge found, "[i]t is the

---

[1] In his objections, Plaintiff argues that Dr. Carter offered his opinion regarding restrictions only in response to a question from the ALJ: "If a doctor testifies, 'the claimant has a listed impairment,' and then the doctor is asked, 'regardless, do you have an opinion regarding restrictions on work activities,' when the doctor answers that question that does not negate the answer to the previous question regarding the Listing of Impairments." (Objections at 1-2 [Doc. No. 18].) However, Plaintiff's argument that Dr. Carter opined regarding work restrictions only in response to the ALJ's questions is contradicted by the transcript. At the administrative hearing, Dr. Carter opined regarding whether Plaintiff met the listing criteria, then volunteered his opinion regarding work restrictions:

> Dr. Carter: (C) Criterion, I find insufficient evidence for the top and the bottom there, the Mood and Anxiety Disorder. I have some job restrictions if you want them.
> ALJ: Okay, go ahead.
> Dr. Carter: Well, he would need very brief and superficial contact with co-workers and supervisors. . . .

(Hearing Tr. at 47 [Doc. No. 5-2 at 48].)

ALJ's function to resolve conflicts among various treating and examining physicians," <u>Bentley v. Shalala</u>, 52 F.3d 784, 785 (8th Cir. 1995), and Dr. Carter's opinion was not binding on the ALJ.

While Laveau argues that the ALJ's conclusion is contradicted by the fact that he receives disability benefits from the VA, a disability determination made by the VA is not binding on the ALJ. <u>See</u> 20 C.F.R. § 404.1504; <u>Jenkins v. Chater</u>, 76 F.3d 231, 233 (8th Cir. 1996). In addition, the medical record, as set forth in the thorough R&R, contains notes from treating medical providers Broome, Lundgren, Whitacre, Larson, Park, O'Neil, Faul, Michals and Correll documenting mild to moderate depression. Because there is substantial evidence on the record as a whole supporting the ALJ's decision, any deficiency in the ALJ's opinion writing would have no practical effect on the outcome of this case. <u>Senne</u>, 198 F.3d at 1067. Again, the general standard on review of an ALJ's decision is that even if it is possible to reach two inconsistent positions from the evidence, if one of those positions represents the Commissioner's decision, this Court must affirm the decision. <u>Robinson v. Sullivan</u>, 956 F.2d 836, 838 (8th Cir. 1992). This Court finds that the evidence supports the ALJ's decision.

### B. The ALJ's Opinion re: Plaintiff's 'Lack of Motivation to Find Employment'

Plaintiff objects to language in the ALJ's opinion, also referenced in the R&R, that Plaintiff retired from working of his own volition, unrelated to disability, and "[t]he claimant may not be motivated to find employment, because he is retired and is comfortable with his VA compensation and State pension." (ALJ Decision at 9 [Doc. No. 5-2 at 19].) Plaintiff cites no authority for the proposition that the ALJ's comment was improper or improperly influenced his overall decision.

    The Eighth Circuit has recognized

    [w]hen examining subjective claims of pain or other symptoms, it is appropriate
    for the Commissioner - in the course of giving full consideration to all evidence
    relating to subjective complaints - to consider a claimant's inconsistent work
    history and/or apparent lack of motivation for work.

Priest v. Apfel, 12 Fed. Appx. 445, 446 (8th Cir. 2001) (citing Polaski, 739 F.2d at 1322): Dodd v. Sullivan, 963 F.2d 171, 172 (8th Cir. 1992) (affirming denial of disability benefits in a case in which the ALJ considered the claimant's financial motivation to qualify for benefits while assessing the credibility of his subjective pain complaints). However, the Eighth Circuit has also observed that, to some extent, all disability claimants are financially motivated. Ramirez v. Barnhart, 292 F.3d 576, 581, n.4 (8th Cir. 2002) (citing Fox v. Apfel, 980 F. Supp. 312, 317 (S.D. Iowa 1997)). In Ramirez, the court noted that when other factors cast doubt upon a claimant's credibility, a claimant's financial motivation may contribute to an adverse credibility determination. Id. (citing Banks v. Massanri, 258 F.3d 820, 833 (8th Cir. 2001) (Heaney, J., dissenting)). Thus, in Ramirez, the court found that the claimant's financial motivation was only part of the credibility determination at issue, and that the ALJ properly weighed all of the evidence. Id. Where a claimant's apparent lack of motivation to work is inferred solely based on a review of a claimant's earnings records, such an inference is improper. Priest, 12 Fed. Appx. at 446 (finding ALJ's inference of lack of motivation to work based solely on financial earnings improper, but affirming denial of disability benefits as supported by substantial evidence).

    Here, the ALJ observed that Plaintiff had a steady work history through 2005, that Plaintiff retired from his past work on his own volition, that evidence in the record demonstrated that Plaintiff was actively looking for employment, that he performed odd jobs in carpentry since

the alleged date of disability and that he managed his self-care, household chores and meal preparation. All of these factors, specifically noted in the ALJ's decision, contributed to the ALJ's credibility determination. Any reference to Plaintiff's financial motivation in seeking disability benefits formed but a small part in the ALJ's overall determination, considered in conjunction with the medical record and hearing testimony. In view of the entire record and the reasons set forth in the ALJ's decision, the Court finds that this comment was made in passing, was not material to the ALJ's findings and does not provide a basis for reversal or remand, as the ALJ's determination is supported by substantial evidence on the record as a whole.

## III. CONCLUSION

Because the ALJ's conclusions are supported by substantial evidence on the record as a whole, summary judgment is granted as to Defendant.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation [Doc. No. 17] is **ADOPTED**;
2. Plaintiff's Motion for Summary Judgment [Doc. No. 6] is **DENIED**; and
3. Defendant's Motion for Summary Judgment [Doc. No. 14] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 22, 2012

                                               s/Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge